THE AMERICAN TRADING COMPANY *v.* QUEVEDO.

APPEAL from the District Court of Mayagüez.

No. 830.—Decided June 17, 1912.

Decided on the grounds of the opinion delivered in case No. 748, *The American Trading Company* v. *Monserrat*, decided April 20, 1912.

The facts are stated in the opinion.

*Mr. Felipe Casalduc* for appellant.

*Mr. José Benet* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed of May 11, 1900, Luis Arán y Lanci acknowledged to Basilio Durán a debt of 130,000 *pesos,* which he obliged himself to satisfy at the rate of 13,000 *pesos* on May 11 of the years from 1901 to 1910, with interest at the rate of 6 per cent per annum, and for each of such instalments he drew a promissory note to the order of Durán and guaranteed the payment of the debt by the voluntary mortgage of 20 rural estates.

The American Trading Company, holder by indorsement of note No. 3, instituted mortgage proceedings against Francisca Arán as judicial administratrix of the estate of Luis Arán, deceased, to recover the amount of said document, and the case having been tried, six of the mortgaged properties were adjudicated to the aforesaid corporation through public sale and in partial payment of their claim, the corresponding

adjudication deed having been issued thereto on February 20, 1908.

Inocencia Quevedo Castellanos, who held note No. 9 by virtue of an indorsement made by M. Martínez & Co. in favor of her ancestor, Teodora Quevedo, after The American Trading Company had taken possession of the six properties in question, instituted foreclosure proceedings against said firm partially to recover the debt, payment of which continued guaranteed in the registry by mortgages on the aforesaid lands. On that account The American Trading Company, on December 9 of the year last past, brought an action in the District Court of Mayagüez against Inocencia Quevedo Castellanos, and prayed that judgment be rendered in due time annulling the mortgage proceedings to recover the amount of mortgage note No. 9 instituted in said court by Inocencia Quevedo Castellanos against The American Trading Company, and ordering the cancellation of the mortgage which guaranteed the payment of the note in so far as such mortgage affected the properties of Luis Arán adjudicated to The American Trading Company.

In the same complaint The American Trading Company requested that while the case was pending a preliminary writ of injunction be issued directing Inocencia Quevedo, her heirs and successors, attorneys, agents, employes, or subordinates, to abstain, upon notification of such writ, from committing any act involving the encumbrance of such property, the publishing of edicts advertising public auction sales, or the sale at auction of the real property described in the complaint, until a new order of the court directing the contrary shall have issued.

With respect to the request for a preliminary injunction we find in the complaint no allegation properly pertinent other than the nineteenth, which states that by prosecuting the mortgage proceedings instituted by Inocencia Quevedo the lands owned by The American Trading Company would be attached and sold at public auction without giving such com-

pany the opportunity to defend its rights in a proper manner, and that a multiplicity of judicial actions with M. Martínez & Co., Braulio Durán, Succession of Luis Durán, and with the said Inocencia Quevedo, would arise, causing the parties great and unnecessary expense and loss of time to the courts of justice; and, finally, that it would be very difficult to determine the amount of compensation which should be demanded as indemnity for damages which might, perhaps, be irreparable.

The District Court of Mayagüez issued an order on December 30, 1911, directing Inocencia Quevedo Castellanos to show cause why the preliminary injunction requested should not issue and setting January 9, 1912, for the hearing, and further directed that Inocencia Quevedo Castellanos and others who might be affected by the prohibition should in the interim abstain from any of the acts already mentioned.

Inocencia Quevedo Castellanos opposed the injunction, and hearing having been held on the day set therefor, the court rendered decision dismissing the application for the preliminary injunction and ordering that the restraining order made against the defendant by virtue of the order of December 30, 1911, be vacated, with costs against the plaintiff. From this order The American Trading Company took an appeal to this Supreme Court, which is now submitted for our consideration and decision.

It is not for us to consider in the present appeal the grounds of the complaint seeking the nullity of the mortgage proceedings instituted by Inocencia. Quevedo Castellanos against The American Trading Company and the cancellation of the mortgage which guaranteed the payment of note No. 9 in so far as those mortgages encumber the lands adjudicated to The American Trading Company. The legal questions involved in said complaint will be decided by the judgment terminating the action.

As to the other legal questions brought up in connection with the injunction, they are the same as we have already

discussed on April 20, 1912, in deciding a similar case of injunction against The American Trading Company and Damián Monserrat Suro, and we refer to the opinion which served this court as ground upon which to affirm the judgment appealed from, in which the application for a writ of injunction was also dismissed.

Following the reasons given in the opinion of this court of April 20, 1912, the decision of the District Court of Mayagüez of January 19, 1912, should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice MacLeary dissented. .